KEITH, Circuit Judge,
concurring.
Although I concur in the result the majority reaches, I write separately to provide clarification concerning whether Warshak’s emails, obtained in violation of the Fourth Amendment, should have been excluded from trial under the exclusionary rule.
I.
The Fourth Amendment guarantees “[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures” without warrants issued based upon probable cause. U.S. Const, amend. IV. The exclusionary rule is a “remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect. ...” United States v. Leon, 468 U.S. 897, 906, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (citing United States v. Calandra, 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974)). Where evidence is collected in violation of an individual’s reasonable expectation of privacy, it is subject to the exclusionary rule and will generally be suppressed at trial to deter further police misconduct in the future. Illinois v. Krull, 480 U.S. 340, 348, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987) (citing Leon, 468 U.S. at 916, 104 S.Ct. 3405). However, where an officer acts in objectively reasonable reliance upon a statute that is later found unconstitutional, exclusion of the evidence would not deter future police misconduct. Id. at 349, 107 S.Ct. 1160. “Penalizing the officer for the legislature’s error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.” Krull, 480 U.S. at 350, 107 S.Ct. 1160 (alteration in original) (citation omit *334 ted). Rather, “the greatest deterrent to the enactment of unconstitutional statutes by a legislature is the power of the courts to invalidate such statutes.” Id. at 352, 107 S.Ct. 1160. Therefore, where an officer acts in good faith upon a statute later found unconstitutional, the evidence remains admissible in trial. Id. at 352-53, 107 S.Ct. 1160; see also U.S. v. Master, 614 F.3d 236, 243 (2010) (noting that the Supreme Court’s recent jurisprudence “weighed more toward preserving evidence for use in obtaining convictions, even if illegally seized, than toward excluding evidence in order to deter police misconduct unless the officers engaged in ‘deliberate, reckless, or grossly negligent conduct.’” (internal citation omitted)).
Here, we are presented with a unique situation. As the majority notes, because the government requested a secret subpoena to confiscate Warshak’s personal emails without his knowledge pursuant to § 2703(b) and (d) of the Stored Communications Act (“SCA”),[1] there is no need to exclude the evidence. The officers took these actions in good faith reliance upon these statutes. They requested the emails from NuVox via a § 2703(b) subpoena and a § 2703(d) order. Though the government failed to give notice within ninety days after the initial request, it did so only after the emails had been obtained and after an initial showing that notice should be delayed. While we today declare these statutes unconstitutional insofar as they permit the government to obtain such emails without a warrant, it does not follow that the evidence should have been excluded from Warshak’s trial. Such an exclusion would not have a substantial deterrent effect on future Fourth Amendment violations enacted by the legislature. See Herring v. United States, 555 U.S. 135, 129 S.Ct. 695, 700, 172 L.Ed.2d 496 (2009) (focusing on “the efficacy of the rule in deterring Fourth Amendment violations in the future”). Therefore, the majority rightfully affirms the district court’s refusal to suppress Warshak’s emails. With this I agree.
However, there is a further wrongdoing that troubles me today. Specifically, the government’s request that NuYox preserve Warshak’s stored and future email communications without Warshak’s knowledge and without a warrant pursuant to § 2703(f). Under § 2703(f), “[a] provider of wire or electronic communication services or a remote computing service, upon the request of a governmental entity, shall take all necessary steps to preserve records and other evidence in its possession pending the issuance of a court order or other process.” 18 U.S.C. § 2703(f) (emphasis added). This subsection was added to the SCA in 1996 in an effort to supplement law enforcement resources and security. The Antiterrorism Act of 1996, Pub.L. 104-132, 110 Stat. 1305. While added in a completely different context from the creation of the statute, it is worthwhile to review the purpose of the statute as a whole when considering the meaning of this subsection.
Section 2703, as part of the Electronic Communications Privacy Act (“ECPA”), was enacted in 1986 as part of Congress’s effort to maintain “a fair balance between the privacy expectations of American citizens and the legitimate needs of law enforcement agencies.” S. Rep. 99-541, at 4, 1986 U.S.C.C.A.N. 3555, 3559. Moreover, the advent of the ECPA was precipitated by concerns about advancements in technology and the desire to protect per *335 sonal and business information which individuals can no longer “lock away” with ease. The plain language of § 2703(f) permits only the preservation of emails in the service provider’s possession at the time of the request, not the preservation of future emails.[2] Moreover, the Department of Justice, along with some theorists, emphasize that these requests “have no prospective effect.” See, e.g., Deirdre K. Mulligan, Reasonable Expectations in Electronic Communications: A Critical Perspective on the Electronic Communications Privacy Act, 72 Geo. Wash. L.Rev. 1557, 1565 (2004); U.S. Dep’t of Justice, Searching and Seizing Computers and Obtaining Electronic Evidence in Criminal Investigations, Chapter III, § G(l) (2009), available at http://www.cybercrime.gov/ ssmanual/03ssma.html (“[Section] 2703(f) letters should not be used prospectively to order providers to preserve records not yet created. If agents want providers to record information about future electronic communications, they should comply with the [Wiretap Act and the Pen/Trap statute].”). I find this statutory interpretation persuasive.
Following NuVox’s policy, the provider would have destroyed Warshak’s old emails but for the government’s request that they maintain all current and prospective emails for almost a year without Warshak’s knowledge. In practice, the government used the statute as a means to monitor Warshak after the investigation started without his knowledge and without a warrant. Such a practice is no more than back-door wiretapping. I doubt that such actions, if contested directly in court, would withstand the muster of the Fourth Amendment. Email, much like telephone, provides individuals with a means to communicate in private. See Warshak v. United States, 490 F.3d 455, 469-70 (6th Cir.2007), vacated, 532 F.3d 521 (6th Cir.2008) (en banc). The government cannot use email collection as a means to monitor citizens without a warrant anymore than they can tap a telephone line to monitor citizens without a warrant. The purpose of § 2703, along with the Stored Communications Act as a whole, is to maintain the boundaries between a citizen’s reasonable expectation of privacy and crime prevention in light of quickly advancing technology. S. Rep. 99-541, at 4, 1986 U.S.C.C.A.N. 3555, 3559. To interpret § 2703(f) as having both a retroactive and prospective effect would be contrary to the purpose of the statute as a whole.
While it was not the issue in today’s decision, a policy whereby the government requests emails prospectively without a warrant deeply concerns me. I am furthermore troubled by the majority’s willingness to disregard the current reading of § 2703(f) without concern for future analysis of this statute. Nevertheless, because *336 the government’s violation of the Fourth Amendment stems from the order and/or subpoena to obtain Warshak’s email communications pursuant to § 2703(b) and (d), the government acted in good faith upon the statute. The fact that their policy-likely exceeded the parameters of § 2703(f) is irrelevant to this analysis as they did not rely upon § 2703 as a whole in requesting the secret subpoena and order to obtain these emails. Accordingly, the majority was correct in holding that the evidence falls within the good faith exception to the exclusionary rule.
II.
Having addressed these matters, I CONCUR in the majority’s decision.

. The SCA refei's generally to Chapter 121 of Title 18 of the United States Code, including sections 2701 through 2712. It was enacted as part of the Electronic Communications Privacy Act of 1986, Pub.L. No. 99-508, 100 Stat. 1848 (1986).

. This plain reading of the statute differs from that expressed in the majority opinion. See supra fn. 21. Though lower courts have followed my understanding of the statute, analysis of this statute appears to be one of first impression before a circuit court. See In re Application for Pen Register and Trap/Trace Device, 396 F.Supp.2d 747, 760 (S.D.Tex. 2005), abrogated by In re United States for Historical Cell Site Data, 747 F.Supp.2d 827 (S.D.Tex.2010) (noting that the SCA is retrospective in nature as opposed to the Wiretap Act); In re Application for U.S. for an Order Authorizing Disclosure of Location Based Services, 2007 WL 2086663, *1 (S.D.Tex. July 6, 2007) (noting that nothing in § 2703 authorizes the Government to demand that a provider prospectively "create records which would not otherwise exist in the ordinary course of business”); In re Application of the U.S. for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device, 396 F.Supp.2d 294, 313-14 (E.D.N.Y.2005) (concluding, based upon the language of § 2703 as a whole, that the statute "does not authorize a court to enter a prospective order to turn over data as it is captured” because of the retrospective nature of the statute).